Estate of Theodore Ebert, Jr., Deceased, Edith H. Ebert, Executrix, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 74351. Promulgated January 25, 1938.

*Edith H. Ebert, Executrix*, pro se.
*C. C. Holmes, Esq.*, and *E. C. Webber, Esq.*, for the respondent.

#### OPINION.

Murdock: The Commissioner determined a deficiency of $1,568.06 in the income tax of Theodore Ebert, Jr., for the year 1930. The only issue presented for decision is whether the gain of $24,367.23, realized by Ebert from an exchange of real property should be recognized in full, as contended by the respondent, to the extent of $13,367.23, as reported by Ebert in his return, or only to the extent of $10,367.23, as contended by the petitioner in her brief. The facts have been stipulated so that no findings of fact are necessary.

Ebert acquired a property on Diversey Parkway, Chicago, Illinois, on April 29, 1922. He placed a mortgage of $45,000 on that property on July 11, 1929. The depreciated cost of the property to him on January 2, 1930, was $37,632.77. The fair market value of the property on that date was $65,000. The mortgage was still outstanding. He exchanged the property on January 2, 1930, for another on Greenview Avenue, Chicago, Illinois. The fair market value of the Greenview property at the time of the exchange was $30,000. There was a mortgage of $16,000 on it at that time. The properties were exchanged subject to the two then existing mortgages. Ebert received in the exchange, as additional consideration for the property which he transferred, a second mortgage on that property in the amount of $6,000. The stipulation is that the second mortgage had a fair market value of $3,000 at the time received by Ebert. Ebert, on his income tax return filed with the collector of internal revenue at Chicago, reported a profit of $13,367.23 from the exchange. The Commissioner, in determining the deficiency, included in income a profit of $32,000 from the transaction.

The parties are now in agreement that the profit realized from the exchange was $24,367.23. The following is a computation of that profit:

Amount realized:

| | |
|---|---|
| Fair market value of property received | $30,000.00 |
| Less mortgage on that property | 16,000.00 |
| | 14,000.00 |
| Fair market value of second mortgage received | 3,000.00 |
| Mortgage on property transferred by Ebert | 45,000.00 |
| | 62,000.00 |
| Less basis of property transferred | 37,632.77 |
| Profit realized | 24,367.23 |

The controversy arises over how much of that profit is recognized for income tax purposes in 1930. The petitioner contends that it may be recognized only to the extent of $10,367.23 under sections 112 (b) (1) and (c) (1) of the Revenue Act of 1928. The $10,367.23 consists of $3,000, the fair market value of the second mortgage, and $7,367.23, the difference between $45,000, the mortgage on the Diversey Parkway property, and $37,632.77, Ebert's basis for gain or loss on that property. She concedes that this $10,367.23 was "other property or money" within the meaning of section 112 (c) (1). If, as she concedes, a part of the benefit which the petitioner received from transferring the Diversey Parkway property subject to the mortgage of $45,000 was "other property or money," it is difficult to understand how the remainder would differ.

The Commissioner contends that the entire profit of $24,367.23 must be recognized as income of 1930; Ebert placed the mortgage of $45,000 on the property, received the proceeds, and at that time derived the benefits from the use of that money; since he transferred the property subject to the mortgage and the property was worth $65,000 at the date of the transfer it is reasonable to conclude that he thereby relieved himself of the necessity of repaying the $45,000; this was equivalent for income tax purposes to the receipt of property worth $45,000; in addition, he received for his property a second mortgage worth $3,000 and an equity in another property, which equity was worth $14,000; thus the total amount realized was $62,000, which exceeded the basis for gain or loss by $24,367.23; the profit was real and in no sense fictitious, so there is good reason to recognize all of the profit realized. He relies upon the decision of the Board in the case of *Brons Hotels, Inc.*, 34 B. T. A. 376.

The Board pointed out in that case that unless the entire profit were recognized a portion of the profit would forever escape tax. The petitioner attempts to distinguish the cases because there the mortgages were assumed by the new owners of the properties, whereas here the properties were exchanged subject to the mortgage without assumption of those mortgages by the new owners. The petitioner, however, fails to show how this difference in the facts serves to distinguish the cases. Although the Board, in deciding the *Brons Hotels, Inc.*, case, mentioned and relied upon the fact that the transferee had assumed the payment of the mortgage on the transferred property, nevertheless the real reason for the decision was the statutory difficulties standing in the way of the petitioner's argument that a part of the profit should not be recognized. Those same difficulties stand in the way of the petitioner's argument in this case.

This can be easily demonstrated by accepting the petitioner's contention for the purpose of illustration. She concedes that a profit of $24,367.23 was realized, but she would recognize only $10,367.23 of it in computing income for 1930. Under that theory the property received in the exchange would take the same basis for gain or loss as the property exchanged, decreased in the amount of any money received and increased in the amount of gain that was recognized upon the first exchange. Sec. 113 (a) (6). No money was received, but perhaps the second mortgage should be treated as the equivalent of money to the extent of $3,000, its fair market value. The basis of the property exchanged was $37,632.77. If it should be decreased by the $3,000, it would then be $34,632.77. That amount would be increased by the amount of gain recognized on the first transfer, to wit, $10,-367.23. Thus the basis for gain or loss applicable to the property received in the exchange would be $45,000. That property consisted

of a second mortgage worth $3,000 and a piece of real estate worth $30,000 subject to a mortgage of $16,000. Assume a prompt disposition of this property for its fair market value. Three thousand dollars is received for the second mortgage and the real estate is sold for $14,000 subject to the $16,000 mortgage. Suppose further that shortly after this sale the purchaser pays off the mortgage of $16,000. On that sale the seller received $17,000 in cash for property having a basis of $45,000, and thus, for income tax purposes, realized a loss of $28,000. Going back now and looking at the entire transaction, it is apparent that a profit of $24,367.23 was realized, yet, for income tax purposes, a gain of $10,367.23 and a loss of $28,000 have been reported. The loss reported exceeded the gain by $17,632.77 on transactions which clearly resulted in a profit of $24,367.23.

How could such an absurd result be avoided? The nonrecognition provisions were not intended to exempt profits from tax but merely to postpone the tax until later when the property received might be disposed of and the balance of the profit consolidated and recognized. *Helvering* v. *Minnesota Tea Co.*, 89 Fed. (2d) 711. Since $14,000 of the gain realized on the first exchange was not recognized for tax purposes under the petitioner's theory, and since the property received in the exchange was worth only $17,000, it is apparent that in some way the basis for gain or loss on the property received would have to be reduced to $3,000 in order that a gain of $14,000 might be recognized upon the subsequent disposition of the property received in the first exchange. However, there are no provisions in the revenue act for reducing the basis to $3,000. The result would be only more absurd if no gain whatsoever were recognized on the first transaction.

We pointed out in the *Brons Hotels, Inc.*, case that such absurd results were never intended by Congress, and in order to avoid an interpretation permitting them it is necessary to recognize all of the gain from the first exchange at the time it is realized. In principle the *Brons Hotels, Inc.*, case and this one are not distinguishable. Following the decision in the *Brons Hotels, Inc.*, case, we hold that the entire profit of $24,367.23 must be recognized as income of 1930. Cf. *Lucas* v. *Schneider*, 47 Fed. (2d) 1006; certiorari denied, 284 U. S. 622; *Harvey M. Toy*, 34 B. T. A. 877; *H. T. Robinson*, 35 B. T. A. 1080. Possibly *contra United States* v. *Hendler*, 91 Fed. (2d) 680, affirming 17 Fed. Supp. 558.

*Decision will be entered under Rule 50.*